UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JUAN MEAVE, | |
| Plaintiff, | Civil Case No. |
| | 5:13-cv-334-JMH-REW |
| v. | |
| | **MEMORANDUM OPINION** |
| RINCON MEXICANO, INC., et al., | **AND ORDER** |
| Defendants. | |

\*\*\*

This matter is before the Court upon Plaintiff's Motion for Leave to File an Amended Complaint. [D.E. 25]. The motion being fully briefed, and the Court being otherwise sufficiently advised, it is now ripe for review.

**I. Procedural Background**

On October 1, 2013, Plaintiff Juan Meave filed suit against Rincon Mexicano, Inc., Luis Castillo, and Sergio Budar, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 203(m), 206(a), 207(a), and violations of Kentucky's minimum wage law, KRS 337.275. [D.E. 1]. On February 19, 2014, in part, based upon the parties' joint status report, [D.E. 15], the Court entered a scheduling order, requiring Plaintiff to file all motions to amend the pleadings by August 1, 2014 and requiring that all fact discovery be completed by November 1, 2014. [D.E. 16].

On May 21, 2014, Plaintiff filed a motion to amend his complaint, seeking leave to amend the time period for which Plaintiff alleges Defendant failed to pay Plaintiff wages in compliance with the FLSA and Kentucky's minimum wage law. Defendant responded with objections to the motion, [D.E. 29], and Plaintiff filed a timely reply. [D.E. 33].

**II. Standard of Review**

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading once as a matter of course within 21 days after serving it" or, for pleadings requiring a response, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*. 15(a)(2). Leave to amend should freely be given as long as the amended pleading does not involve (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies in previous amendments; (4) undue prejudice to the opposing party; or (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. Analysis**

Defendants argue that the Court should deny amendment to Plaintiff's complaint because amendment would be futile,

Plaintiff's filing of his motion to amend his complaint was unduly delayed, and amendment of the complaint would prejudice Defendants. Plaintiff argues that the amendment would not be futile due to the relation back doctrine, and that amendment would neither be unduly delayed nor prejudicial. Because Plaintiff's claims under the FLSA are time-barred and because Plaintiff's claims under Kentucky's minimum wage law are not, Plaintiff's motion must be granted in part and denied in part.

**1. Futility of Amendment**

An amended complaint is typically futile if it cannot withstand a motion to dismiss. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). Defendant argues that amendment would be futile because the statute of limitations for bringing a claim based upon the additional period of employment alleged in the amended complaint has run. Plaintiff admits that the claims would be barred by the statute of limitations if determined by the date of the filing of the motion to amend the complaint, but argues that under the relation back doctrine the claims are within the relevant statute of limitations.

"An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

3

Fed. R. Civ. P. 15(c)(1)(B). A claim or defense arises out of the conduct, transaction, or occurrence set out in the original pleading if "the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *U.S. ex rel. Bledsoe v. Cmty. Healthy Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) (citations omitted). As is exhibited by the discovery responses, Defendants were aware that Plaintiff had been employed by Defendants for periods not included in the complaint, and, thus, were on notice that Plaintiff might seek recovery for any and all violations that occurred during his employment with Defendants. Because the amended complaint merely adds this additional time period, and does not add any additional claims, the Court finds that the amended complaint arises out of the same conduct, transaction, or occurrence. Therefore, relation back is applicable in this matter, and, if allowed, the amended complaint is treated as though it was filed on October 1, 2013.

Plaintiff's amended complaint seeks to add claims for a period of employment from December 15, 2008 to July 12, 2009. Plaintiff's claims under the FLSA have a statute of limitations of, at most, three years. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). The

4

latest date Plaintiff seeks to add for recovery under the FLSA is July 12, 2009, more than four years before Plaintiff filed his original complaint. Therefore, allowing Plaintiff to amend his complaint to add the additional time period for recovery under the FLSA would be futile because, even when allowing the amendment to relate back to the date of the filing of the original complaint, Plaintiff's new claims under the FLSA are barred by the statute of limitations. *See* 29 U.S.C. § 255(a) (stating that actions not brought with the limitations period are "forever barred"). Accordingly, Plaintiff's motion, as it relates to claims under the FLSA, must be denied.

Conversely, the applicable statute of limitations for Plaintiff's claim under KRS 337.275 is five years. *See* KRS 413.120(2) ("The following actions shall be commenced within five (5) years after the cause of action accrued: An action upon a liability created by statute, when no other time is fixed by the statute creating the liability."). Thus, from the date Plaintiff filed his original complaint, October 1, 2013, only recovery for improperly paid wages prior to October 1, 2008 would be time-barred. Plaintiff seeks to amend his complaint to add a date of employment from December 15, 2008 to July 12, 2009. Therefore, this additional claim would not be futile, and Plaintiff's attempt to add the claim under KRS 337.275 should not be denied due to futility.

**2. Undue Delay**

Next, by questioning when Plaintiff was aware of the employment periods, Defendant seemingly argues that the motion to amend should be denied due to undue delay. *See* [D.E. 29 at 2] ("Plaintiff was certainly aware, and could have asserted in the initial Complaint, all employment periods."). To deny an amendment due to undue delay, a court must be satisfied that the non-moving party has made a "significant showing of prejudice." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). First, the Court notes that the parties agreed Plaintiff would have until August 1, 2014 to amend his complaint. [D.E. 15 at 3]. Plaintiff filed his motion well within this agreed upon time period, which was ratified in the Court's scheduling order. [D.E. 16 at 2].

Second, without regard to the scheduling order, Defendants have failed to make a significant showing of prejudice due to delay. "[D]elay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)). "[T]he longer the period of unexplained delay, the less will be required of the nonmoving party to show prejudice." *Brennan v. Arkay Indus., Inc.*, 164 F.R.D. 464, 466 (S.D. Ohio 1996) (citations omitted).

Plaintiff filed his motion to amend the complaint seven months after filing the original complaint, and more than five months before the close of discovery. Plaintiff asserts that he did not remember working for Defendants from December 15, 2008 to August 1, 2009. [D.E. 25 at 6-7]. Plaintiff contends that it was only when Plaintiff received paystubs from this time period during discovery that he could remember being employed during this period. The discovery responses were mailed to Plaintiff on April 23, 2014 and e-mailed to Plaintiff on April 25, 2014. [D.E. 25-7]. On April 29, 2014, Plaintiff sought an agreed order to amend the complaint, and, after being unable to resolve the issue with Defendants, [D.E. 25-10], Plaintiff filed his motion to amend on May 21, 2014. [D.E. 25]. Thus, Plaintiff exhibited very little delay in alerting Defendants to these claims after Defendants provided discovery responses indicating that Plaintiff was employed for additional time periods. While the Court believes Plaintiff should have been aware that he had previously worked for Defendants, Plaintiff exhibited little to no delay in seeking to amend his complaint after evidence of the dates was presented.

Similarly, the Court cannot discern what, if any, prejudice Defendants will suffer if amendment is allowed. Defendants argue that they would be required to undertake additional, expensive discovery. However, Defendants have

already produced Plaintiff's paystubs for the additional employment period and Defendants have failed to give examples of additional discovery that would be necessitated by amendment. Accordingly, the Court finds no significant showing of prejudice, and, therefore, no undue delay on Plaintiff's part.

### 3. Undue Prejudice

Finally, Defendants assert, in several portions of its Response, that they would be unduly prejudiced if the Court were to allow Plaintiff to file an amended complaint. In considering whether the amendment causes undue prejudice to the opposing party, the court must determine whether a new claim would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute. . . ." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Defendants assert that they would be significantly prejudiced if Plaintiff were permitted to file an amended complaint because they would be forced to incur fees and expenses for further discovery, to draft motions, and litigate claims that should have been included in the original complaint. [D.E. 29 at 5].

As discussed above, it is unclear the additional discovery Defendants would be forced to undertake as Defendants themselves concede that the amendment was prompted by Defendants producing paystubs for the additional period of employment. [D.E. 29 at

8

1]. Even if additional discovery is required, Defendants have failed to show that it would cause them to "expend significant additional resources." *Phelps*, 30 F.3d at 663. Additionally, Defendants will not be forced to file a motion to dismiss based upon an expired statute of limitations, as they contend, because the Court has already addressed that issue in assessing whether amendment would be futile.

Likewise, amendment to the complaint will not significantly delay the action. Plaintiff filed its motion to amend within the time allowed by the Court's scheduling order, [D.E. 16 at 2], which was also the timeline agreed upon by the parties. [D.E. 15 at 3]. Furthermore, fact discovery is not scheduled to be completed until November 1, 2014. [D.E. 16 at 2]. Thus, to the extent any additional discovery is required, Defendant has almost four months to undertake that discovery. Therefore, Defendant has failed to show that undue prejudice would result from amendment of Plaintiff's complaint.

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Leave to Amend his Complaint [D.E. 25] be, and the same hereby is, **GRANTED IN PART**, in that Plaintiff may amend his complaint to allege the additional claims under KRS 337.275, and **DENIED IN PART**, in that

9

Plaintiff may not amend his complaint to allege the additional claims under the Fair Labor Standards Act;

(2) that, within **fourteen (14) days** of the date of this Order, Plaintiff may file an amended complaint consistent with this Memorandum Opinion and Order.

This the 9th day of July, 2014.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge